IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v. Criminal No.: 2:16cr165

COREY BRANCH,

Defendant.

**POSITION OF THE DEFENDANT ON SENTENCING**

COMES NOW the Defendant, Corey Branch, by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the Sentencing Guidelines and Policy Statements as well as this Court's Sentencing Order, and hereby represents that the Defendant has reviewed the Probation Office's Pre-sentence Report and sets forth the following as his position on sentencing:

**DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE REPORT**

Mr. Branch, through counsel, has previously informed the probation officer as well as the attorney for the government that any outstanding objections to the Pre-sentence Report have been withdrawn.

**SECTION 3553 FACTORS**

As the Supreme Court has long recognized, "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). With the United States Sentencing Guidelines now rendered "advisory only," *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), a

district court has substantial discretion in fashioning a sentence appropriate to the individual circumstances of the defendant and the unique facts of the offense. While the Court must consider the guideline range in a case, "the Guidelines are not the only consideration." *Gall v. United State*s, 128 S. Ct. 586, 597 (2007). See *Kimbrough*, 128 S. Ct. at 564 ("the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence").

Indeed, as mandated by Congress, the fundamental principle of sentencing is that a court "*shall impose a sentence sufficient, but not greater than necessary*" to meet specified sentencing goals, including the goal of just punishment. 18 U.S.C. § 3553. In determining the minimally sufficient sentence, §3553 directs sentencing courts to consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of Mr. Branch;

(2) the need for the sentence imposed;

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of Mr. Branch; and

(D) to provide Mr. Branch with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for [the offense];

(5) any pertinent policy issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. Section 3553.

In addition, a district court "may not presume that the Guidelines range is reasonable," and instead "must make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 597. Moreover, the Supreme Court has specifically ruled that, in balancing the §3553(a) factors, a judge may determine that, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." *Kimbrough*, 128 S. Ct. at 564. *See Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) (a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or [that] the case warrants a different sentence regardless.")

Other statutes also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize that imprisonment is *not* an appropriate means of promoting correction and rehabilitation (emphasis added). In

sum, in every case, a sentencing court must consider *all* of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

**Nature and Circumstances of the Offense**

Mr. Branch pled guilty to one count of Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 846, 841 (a)(1) and (b)(1)(C), and one count of Felon in Possession of a Firearm in Violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The facts and circumstances of these offenses are set forth in Paragraph 5 of the Pre-sentence Report and Mr. Branch agrees that they are accurate.

Mr. Branch timely notified the government of his intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial. As indicated in the Pre-sentence Report, Mr. Branch has accepted responsibility for his conduct and he has expressed remorse and sincere regret for his actions.

**History and Characteristics of Mr. Branch**

There is no question that Mr. Branch has made some serious mistakes in his life. He is the first to admit that he has made some outright stupid decisions that on more than one occasion have cost him his freedom. Certainly not the least of these poor choices was deciding to get involved in this offense. Mr. Branch implores the Court to consider that he is more than this offense. As the sentiments expressed by his family attest, Mr. Branch is a good man who is worthy of redemption. He hopes that the Court

can glean that his true character is that of a loving father and son who hopes to be able to one day put his life on track and become a provider for his family.

Things have not always been easy for Mr. Branch. He never had any real relationship with his father and despite his mother being around during his childhood, Mr. Branch was raised by his maternal grandparents. Mr. Branch's grandparents were good people and they did their best to instill in Mr. Branch the values of faith, hard work, and education. Unfortunately, as he entered his teenage years, Mr. Branch began to fall in with the wrong crowd and allowed himself to be influenced by the wrong type of people.

Eventually, Mr. Branch dropped out of school and he started getting into more and more serious trouble. Ultimately, that path led him before this Court where he is once again facing a long sentence in federal prison. He regrets most the pain he has caused his family, especially his 81-year-old grandfather. However, he makes no excuses for himself or for his conduct; he freely admits that he alone is responsible for his situation.

Despite his missteps, Mr. Branch remains close to his family and they continue to support him. He has expressed true, heartfelt remorse for the pain his actions have caused his family. He sincerely regrets making the poor decisions that led him to be before this Court. He realizes that these factors do not make up for his role in this offense and he understands that he will not avoid serious punishment. He simply asks that the Court to consider all of these factors when crafting its sentence.

**The Need for the Sentence Imposed to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public**

Mr. Branch certainly does not dispute the seriousness of this offense. Nor does he fail to recognize and appreciate the harm his actions have caused not only to himself and his family but to the greater community as well. He had a chance upon his release from prison to lead a law-abiding life. Instead, he let the allure of easy money cloud his judgment.

Mr. Branch realizes that he is truly at a crossroads in his life and that he has forged a path that once again finds him facing the prospect of decades in a prison cell. It would be woefully inadequate to say that Mr. Branch is regretful and repentant for his actions. He realizes now how foolish he was to once again squander his freedom and he hopes someday he will have the opportunity to be the father and husband that he knows he can be. He is dedicated to serving his debt to society, and then upon release, to rebuilding his life. Mr. Branch realizes that it is going to be a long road to redemption and that he is going to receive a substantial punishment for these offenses. He asks the Court consider his remorse and regret for his actions, and to also consider that he is dedicated to doing everything in his power to atone and make amends to his family.

Mr. Branch is 36 years old and he has taken stock of his life and his prospects for the future and he is adamant that his involvement in illegal endeavors is truly at an end. Mr. Branch is fortunate to have a fiancée who is committed to standing him while

he serves his sentence. He is also fortunate that he has very good relationship with his son and his step-children and that the children will continue to remain a part of Mr. Branch's life while he is incarcerated.

Mr. Branch knows, however, that whatever the period of incarceration imposed on him it will have a significant impact these relationships and that he will have to dedicate significant time to rebuilding those relationships once he is released. Mr. Branch is dedicated to rehabilitating himself and using his time in prison to bettering himself so that he can reenter society as a productive and contributing citizen. Under these circumstances, it is obvious that a minimal sentence is a just punishment and is more than sufficient to deter future unlawful conduct.

**The Need to Provide Mr. Branch with Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

Mr. Branch does have his GED as well as some vocational training to his credit. While he is incarcerated Mr. Branch fully intends to pursue all of the educational opportunities available to him through the Bureau of Prisons and hopes to obtain his college degree. As noted above, Mr. Wilson has taken steps to obtain his commercial driver's license. He intends to take these steps not only for personal fulfillment, but also as a means towards helping him re-enter the workforce upon his release. To this end, Mr. Branch requests that this Court do everything in its power to see that he is placed in an appropriate facility.

Mr. Branch suffers from significant chronic back pain which has been exacerbated by his inability to receive proper medical treatment while incarcerated in

the local jail. For these reasons, Mr. Branch requests that the Court recommend him for placement in a facility that is equipped to treat his medical issues. Finally, as Mr. Branch's entire family, including his young children, lives in the local area, Mr. Branch requests that the Court recommend his placement in the facility closest to Hampton Roads.

**The Sentencing Range Established for the Offense**

The Pre-sentence Report sets forth a total offense level of 31 and criminal history category of IV. The resulting guideline range 151-188 months. While Mr. branch agrees that the guidelines are properly calculated, he avers that even the low-end of this range represents a very significant punishment, which is more than sufficient to satisfy the goals and mandates of § 3553.

**CONCLUSION**

For the reasons set forth above, the Defendant, Corey Branch, by counsel, respectfully submits that a sentence of no greater than 188 months will accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553.

Respectfully submitted,

COREY BRANCH
By Counsel

__________/s/________________________

James O. Broccoletti, Esquire
VSB# 17869
Counsel for Corey Branch
ZOBY, BROCCOLETTI & NORMILE, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750

(757) 466-5026
james@zobybroccoletti.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew C. Bosse, Esquire
Assistant U.S. Attorney
*Office of the United States Attorney*
101 West Main Street, Suite 8000
Norfolk, VA 23510

/s/

James O. Broccoletti, Esquire
VSB# 17869
Counsel for Corey Branch
ZOBY, BROCCOLETTI & NORMILE, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026

I hereby certify that on the 19th day of September, 2017, I caused a true and correct copy of the foregoing to be mailed to the following non-filing user:

Robyn S. Basilio
U. S. Probation Officer
600 Granby Street, Suite 200
Norfolk, VA 23510

/s/

James O. Broccoletti, Esquire
VSB# 17869
Counsel for Corey Branch
ZOBY, BROCCOLETTI & NORMILE, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026