# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Norfolk Division

UNITED STATES OF AMERICA

v.

COREY BRANCH

Defendant.

Case Number: 2:16CR00165-001

USM Number: 56678-083

Defendant's Attorney: James Broccoletti

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 and Count 2 of the Indictment.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T.21, USC, Sections 841(a)(1) and 841(b)(1)(C) | Possess With Intent to Distribute Fentanyl | Felony | September 21, 2016 | 1 |
| T.18, USC, Sections 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | Felony | September 21, 2016 | 2 |

As pronounced on September 26, 2017, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Given this 27th day of September, 2017.

/s/
Rebecca Beach Smith
Chief Judge

Rebecca Beach Smith
Chief Judge

Case Number: 2:16CR00165-001
Defendant's Name: BRANCH, COREY

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED SIXTY (160) MONTHS. This term of imprisonment consists of a term of ONE HUNDRED SIXTY (160) MONTHS on Count 1, and a term of ONE HUNDRED TWENTY (120) MONTHS on Count 2, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:
1) The defendant shall further his education by taking college courses and/or by developing a vocational skill.

2) The defendant shall participate in a substance abuse education and counseling program.

3) The defendant shall undergo a full mental health evaluation and receive all appropriate mental health treatment and counseling, in particular for anger management.

4) The court recommends that the defendant be incarcerated in a facility on the East Coast as close to the Virginia area as possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to_____
at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number: 2:16CR00165-001
Defendant's Name: BRANCH, COREY

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This term consists of a term of THREE (3) YEARS on Count 1, and a term of THREE (3) YEARS on Count 2, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.
The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 2:16CR00165-001
Defendant's Name: BRANCH, COREY

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall continue to participate in a mental health treatment and counseling program at the direction and discretion of the probation officer. The defendant shall bear the cost of this program.

2) The defendant shall waive all rights of confidentiality regarding mental health/medical treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

3) The defendant shall pay for the support of his minor children in the amount ordered by any social service agency or court of competent jurisdiction. In the absence of any such order, payments are to be made on a schedule to be determined by the court at the inception of supervision, based on defendant's financial circumstances.

4) During the period of supervised release, the defendant shall provide a copy of his state and federal income tax returns each year to the probation officer.

5) The court does not deny federal benefits because the denial is not applicable.

| Case Number: | 2:16CR00165-001 |
| --- | --- |
| Defendant's Name: | BRANCH, COREY |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
| --- | --- | --- | --- | --- |
| | 1 | $100.00 | $0.00 | $0.00 |
| | 2 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | | **$200.00** | **$0.00** | **$0.00** |

## FINES

No fines have been imposed in this case.

## COSTS

The Court waives the cost of prosecution, incarceration, and supervised release, except to the extent the defendant will have to bear costs as outlined in the Special Conditions of Supervision.

## FORFEITURE

The court entered a Consent Order of Forfeiture on September 26, 2017, which is made a part hereof, to the extent all applicable notice and legal requirements set forth in the Consent Order of Forfeiture are met.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

FILED IN OPEN COURT
SEP 26 2017
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL No. 2:16cr165 |
| | ) | |
| COREY BRANCH, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT ORDER OF FORFEITURE

BASED UPON the defendant's plea agreement with the United States, and FINDING that the requisite nexus exists between the property listed below, in which the defendant has an interest, and the offense(s) to which the defendant has pled guilty, IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 32.2 that:

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1) as incorporated by 28 U.S.C. § 2461(c):

   **One (1) Beretta, Model PX4 Compact, .40 caliber pistol, and all associated ammunition.**

2. The United States shall seize all forfeited property and shall take full and exclusive custody and control of same.

3. Upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6).

4. Any person, other than the defendant, asserting any legal interest in the property

1

may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of their alleged interest in the property.

5. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the *final* order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property in accordance with law.

6. The parties stipulate and agree that the aforementioned judgment and assets represent property described in 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1) as incorporated by 28 U.S.C. § 2461(c), and, as such, are subject to forfeiture thereunder. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and consents to the entry of this order.

7. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and the issuance of subpoenas, pursuant to Federal Rule of Civil Procedure 45, to identify, locate, or dispose of forfeitable property.

Dated this 26th day of September, 2017

/s/
Rebecca Beach Smith
Chief Judge
UNITED STATES DISTRICT JUDGE

I ask for this:
Dana J. Boente
United States Attorney

By: _____
Andrew Bosse
Assistant United States Attorney
Attorney for the United States
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
Email Address: andrew.bosse@usdoj.gov


Seen and Agreed
Corey Branch
Defendant

By: _____   By: _____
Corey Branch                          James O. Broccoletti
                                      Counsel for Defendant
                                      6663 Stoney Point S.
                                      Norfolk, Virginia 23502
                                      Office Number: (757) 466-0750
                                      E-mail Address:james@zobybroccoletti.com

3

Case 2:16-cr-00165-RBS-LRL Document 31 Filed 09/27/17 Page 9 of 9 PageID# 153
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments
Page 6 of 6

Case Number: 2:16CR00165-001
Defendant's Name: BRANCH, COREY

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.