UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.                                                 CRIMINAL NO. 2:16cr165

**COREY BRANCH,**

         **Defendant.**

## ORDER

This matter comes before the court on the Defendant's Motion for Compassionate Release ("Motion"), filed on January 6, 2021. ECF No. 45. In the Motion, the Defendant requests that the court reduce his sentence because of the spread of the novel coronavirus ("COVID-19").

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may modify a term of imprisonment, if it finds that "extraordinary and compelling reasons warrant such a reduction." Before the court may consider such a motion, however, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A).

As an exhibit to the Motion, the Defendant attaches a letter dated April 10, 2020, from his warden denying his request for compassionate release. ECF No. 48 at 6. The Defendant filed an

appeal to the warden through the administrative remedy process, and the warden issued a second denial letter dated June 17, 2020. ECF No. 48 at 8. That letter stated:

> If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Mid-Atlantic Regional Office, 302 Sentinel Drive, Suite 200, Annapolis Junction, MD 20701.

The Defendant did not file an appeal to the Regional Director of the Bureau of Prisons ("BOP").

The Defendant asserts in his Motion that he has satisfied § 3582(c)(1)(A)'s exhaustion requirement because "30 days have passed since [the Defendant] made his request for compassionate release to the warden on April 1, 2020." ECF No. 45 at 5. Although the Defendant acknowledges that the warden denied this request within the thirty-day statutory time period, the Defendant argues that § 3582(c)(1)(A)'s exhaustion requirement "is satisfied upon the passage of thirty days since a prisoner's request for compassionate release, <u>regardless of whether the BOP issues a denial of the request in the meantime</u>." ECF No. 45 at 5 (emphasis added).

The court does not agree. The exhaustion requirement in § 3582(c)(1)(A) is satisfied upon "the <u>lapse</u> of 30 days from the receipt of [a request for compassionate release] by the warden of the defendant's facility." (Emphasis added.) The court concurs with the body of case law that gives the word "lapse" its ordinary

2

meaning. See, e.g., United States v. Smith, 460 F. Supp. 3d 783, 794-97 (E.D. Ark. 2020) ("[A] 'lapse of 30 days' only occurs if the warden 'fails to act on the defendant's request for a period of 30 days.'" (alteration omitted)).[1] Furthermore, while the Fourth Circuit has not directly addressed this issue, dicta in United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020), supports this reading of the statute. In McCoy, the Fourth Circuit outlined the changes to § 3582(c)(1)(A) brought about by the First Step Act of 2018. 981 F.3d at 283. In particular, the court stated, "Congress, aware of the BOP's history of extensive delays, also provided a '30-day lapse' alternative, under which a defendant may proceed directly to district court if his request is not acted on within that time." Id. The court concludes that this is the correct reading of the statute and that here the warden did act on the Defendant's request within the thirty-day period, after which the Defendant did not pursue his administrative remedies to appeal the warden's denial.

Based on the foregoing, the court **FINDS** that the Defendant has not exhausted his administrative remedies as required under

---

[1] "Lapse" is a "failure to meet stated obligations within a stated time." Webster's New World Dictionary 760 (Victoria Neufeldt & David B. Guralnik eds., 3d ed. 1988). The warden met his obligation by responding within thirty (30) days and advising the Defendant of his right to appeal the decision.

18 U.S.C. § 3582(c)(1)(A).[2] Therefore, the Motion for Compassionate Release, ECF No. 45, is **DENIED** without prejudice to refile, as appropriate, after exhaustion of such remedies. The Clerk is **DIRECTED** to forward a copy of this Order to counsel for the Defendant, the United States Attorney at Norfolk, and the Bureau of Prisons.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

January 14, 2021

---

[2] Moreover, the Defendant does not argue that the court should waive the exhaustion requirement, and he has not shown grounds for waiver in any event. See United States v. Feiling, 453 F. Supp. 3d 832, 840 (E.D. Va. Apr. 10, 2020) (Novak, J.) ("[A]lthough the ongoing threat presented by COVID-19 and the novel coronavirus should by no means be understated, that threat alone, and Defendant's [potential] vulnerability to it, presents insufficient grounds to waive the exhaustion requirement[.]"). Nor has he demonstrated futility, inadequate relief through the administrative process, or undue prejudice. See Casey v. United States, No. 4:18cr4, 2020 WL 2297184, at *2 (E.D. Va. May 6, 2020) (Jackson, J.) (considering these factors and holding that the defendant had presented circumstances justifying waiver because he was "76 years old and suffers from a well-documented history of severe cardiac issues"); cf. United States v. Jones, 3:11cr249, slip op. at 2-3 (E.D. Va. Apr. 3, 2020) (Lauck, J.) (finding exhaustion futile because the defendant had only twenty-three days remaining on his sentence).

4